IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL PHILIP KAUFMAN,<br><br>    Plaintiff,<br><br>v.<br><br>ZOHO CORPORATION,<br><br>    Defendant. | Case No. 1:25-cv-01082-RP |

# JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule CV-16(c) and (d), Plaintiff Michael Philip Kaufman ("Plaintiff" or "Kaufman") and Defendant Zoho Corporation ("Defendant" or "Zoho") jointly submit the following Rule 26(f) Report.

**1.   What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

This is an action for alleged direct infringement of United States Patent Nos. 7,885,981, 10,025,801, and 10,977,220 (the "Asserted Patents") under the patent laws of the United States, 35 U.S.C. § 1, et seq.

On September 5, 2025, Zoho moved to dismiss the action pursuant to Rule 12(b)(6) on the grounds that the Asserted Patents are invalid as directed to patent-ineligible subject matter under 35 U.S.C. § 101. *See* D.I. 8. Zoho has not yet answered or otherwise pled any defenses or counterclaims because the motion to dismiss, which has been fully briefed, remains pending. *See* D.I. 8, 11, 17.

**2.   Are there any outstanding jurisdictional issues?**

There are no outstanding jurisdictional issues.

3.  **Are there any unserved parties?**

    There are no unserved parties at this time.

4.  **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

    Not at this time, but the parties will consider possible agreements or stipulations as the case progresses.

5.  **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

    After conferring, the parties were not able to reach agreement regarding any legal issues that can be narrowed by agreement. However, the parties currently anticipate that the Court may resolve at least the following legal issue through motion practice, including *Markman* briefing:

    - the scope and construction of the Asserted Patents' claims.

    Defendant contends, and Plaintiff disputes, that the Court additionally may resolve at least the following legal issues through motion practice, including summary judgment:

    - whether the Asserted Patents are invalid as directed to patent-ineligible subject matter under 35 U.S.C. § 101 (motion currently pending, *see* D.I. 8, 11, 17);
    - whether Zoho has directly infringed and/or continues to infringe, the Asserted Patents literally and/or under the doctrine of equivalents pursuant to 35 U.S.C. § 271; and
    - whether any of the claims of the Asserted Patents are invalid and/or unenforceable.

6.  **Are there any issues about preservation of discoverable information?**

    Not at this time.

**7.     Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

Not at this time.  The parties expect to confer as needed concerning procedures for discovery related to ESI, including source code and production of metadata.  If the parties are unable to resolve any ESI-related issues, they will raise them with the Court pursuant to the local rules and the Court's procedures.

**8.     What are the subjects on which discovery may be needed?**

The parties anticipate discovery on all matters relevant to their claims and defenses. Plaintiff contends that discovery may be needed on at least the following subjects:

- The development, design, implementation, and operation of the Zoho customer relationship management (CRM) software and related services (the "Services"), including but not limited to the software stored, accessible to, provided from or to, and/or executed on server and/or user devices to provide the accused Zoho CRM functionality ("Zoho Recorded Media Software" or "ZRMS");

- Marketing, advertising, promotional, and sales materials for the accused products, services, and systems;

- Sales and revenues for the accused products, services, and systems;

- Information regarding inbound and outbound licenses related to accused products, services, and systems, or similar products, services, and systems;

- The amount of damages due for infringement of the Asserted Patents; and

- The bases for each of Zoho's defenses.

Defendant contends that discovery may be needed on at least the following subjects:

- the priority date, conception and reduction to practice, and diligence related to the Asserted Patents;

- ownership, assignment and licenses and attempts to license, sell, or otherwise monetize the Asserted Patents, including communications regarding the Asserted Patents with third parties;

- alleged invalidity of the Asserted Patents, including prior art, the applicant's knowledge of and disclosure to the patent office of prior art, the prosecution of the Asserted Patents and any related patents and/or foreign counterparts, and any alleged secondary considerations of non-obviousness;

- claim construction, including discovery from and about the purported inventors of the Asserted Patents;

- patentability and unenforceability of the Asserted Patents

- factual basis for Plaintiff's allegations that Zoho has infringed, literally, or, alternatively, under the doctrine of equivalents, one or more claims of the Asserted Patents;

- other products that Plaintiff contends practices the Asserted Patents, as well as any products made by or under license of the Asserted Patents that practiced or practices the Asserted Patents and any efforts to mark any such products; and

- any alleged damages or other remedies sought by Plaintiff.

9. **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

The parties propose making initial disclosures by December 9, 2025 and do not request changes in the form or requirement for disclosures under Rule 26(a)(1).

10. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

Discovery has not commenced. The parties have proposed discovery-related deadlines in the proposed agreed scheduling order accompanying this report whereby fact discovery would close on December 15, 2026 and expert discovery would close March 23, 2027.

11. **What, if any, discovery disputes exist?**

None at this time.

12. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties believe an order pursuant to Federal Rule of Evidence 502 would be appropriate and intend to include a provision in the proposed Protective Order.

13. **Have the parties discussed early mediation?**

The parties have discussed early mediation only with regard to the proposed scheduling order and the proposed timing for filing of the Local Rule CV-88 report on alternative dispute resolution.

14. **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

The parties anticipate confidential information will be exchanged in this case. The parties are therefore discussing, and intend to request entry of, a Stipulated Protective Order.

Dated: November 21, 2025        By: */s/Ronald Abramson*
                                Ronald Abramson (NY 1457126) (*pro hac vice*)
                                ron.abramson@listonabramson.com
                                David G. Liston (NY 2642049) (*pro hac vice*)
                                david.liston@listonabramson.com
                                Ari J. Jaffess (NY 4621397) (*pro hac vice*)
                                ari.jaffess@listonabramson.com

        Alex G. Patchen (NY 4246021) (*pro hac vice*)
        alex.patchen@listonabramson.com
        M. Michael Lewis (NY 4467007) (*pro hac vice*)
        michael.lewis@listonabramson.com
        Gina K. Kim (Texas Bar No. 24097937)
        gina.kim@listonabramson.com
        **Liston Abramson LLP**
        The Chrysler Building
        405 Lexington Avenue, 46th Floor
        New York, NY 10174
        212-257-1630

        Wasif H. Qureshi (Texas Bar No. 24048155)
        wqureshi@jw.com
        **Jackson Walker LLP**
        1401 McKinney, Suite 1900
        Houston, Texas 77010
        Telephone: (713) 752-4521

        **COUNSEL FOR PLAINTIFF MICHAEL PHILIP KAUFMAN**

Dated: November 21, 2025    By: */s/ Phillip J. Haack*
        Ryan J. Marton (*pro hac vice* pending)
        Phillip J. Haack (CA 262060, admitted W.D. Tex.)
        MARTON RIBERA SCHUMANN & CHANG LLP
        548 Market Street, Suite 36117
        San Francisco, CA 94104
        Telephone:    (415) 360-2515
        Email:   ryan@martonribera.com
                  phaack@martonribera.com

        Darryl J. Adams (Texas Bar No. 00796101)
        SLAYDEN GRUBERT BEARD PLLC
        401 Congress Ave., Ste. 1650
        Austin, TX 78701
        Tel: 512.402.3562
        Email: dadams@sgbfirm.com

        Counsel for Defendant Zoho Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on November 21, 2025.

By: */s/ Ronald Abramson*
Ronald Abramson