**FILED**
January 07, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____sec_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL PHILIP KAUFMAN, § | |
| § | |
| Plaintiff, § | |
| § | 1:25-CV-01082-RP |
| v. § | |
| § | |
| ZOHO CORPORATION, § | |
| § | |
| Defendant. § | |

## SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before July 21, 2026.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before June 9, 2026, and each opposing party shall respond, in writing, on or before June 16, 2026. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before January 6, 2026.

4. Other deadlines are set forth in the table below.

| Deadline | Item |
|---|---|
| 12/09/2025 | Fact discovery opens. |
| 12/16/2025 | Deadline to serve Initial Disclosures per Rule 26(a). |
| 01/20/2026 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| 02/10/2026 | Deadline to add parties. |
| 05/12/2026 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| 05/26/2026 | Parties exchange claim terms for construction. |
| 06/16/2026 | Parties exchange proposed claim constructions.<br><br>Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 06/30/2026 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and that the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| Deadline | Item |
|---|---|
| 07/14/2026 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 07/28/2026 | Deadline to respond to amended pleadings. |
| 08/11/2026 | Deadline to complete claim construction discovery. |
| 09/03/2026 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite (30-page limit).<br><br>Parties submit optional technical tutorials to the Court and technical adviser (if appointed). |
| 09/24/2026 | Plaintiff files Responsive claim construction brief (30-page limit). |
| 10/08/2026 | Defendant files Reply claim construction brief (15-page limit). |
| 10/22/2026 | Plaintiff files Sur-Reply claim construction brief (15-page limit). |
| 10/29/2026 | Parties file Joint Claim Construction Statement. |
| 11/10/2026<br><br>[Subject to modification] | *Markman* Hearing at 9:00 a.m. |
| 11/12/2026 | Deadline to substantially complete document production and exchange privilege logs.<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| Eight (8) weeks after claim construction ruling | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 01/26/2027 | Close of Fact Discovery |
| 03/16/2027 | Opening Expert Reports. All parties with the initial burden of proof shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B). |
| 04/13/2027 | Rebuttal Expert Reports. All parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served. |
| 05/11/2027 | Close of Expert Discovery. |
| 05/25/2027 | Deadline for meet and confer to discuss significantly narrowing the number of claims asserted and prior art references at issue. |
| 06/08/2027 | Dispositive motion deadline and *Daubert* motion deadline. Such motions shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 21 days after service of the |

| Deadline | Item |
|---|---|
| | motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 7 days after service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion. |
| 06/29/2027 | Deadline to serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, deposition designations). |
| 07/13/2027 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 07/20/2027 | Serve objections to rebuttal disclosures; file motions *in limine*. |
| 07/27/2027 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*.<br><br>From this date onwards, the parties are obligated to notify the Court of any changes to the asserted patents or claims. Such notification shall be filed on the docket within seven (7) days of the change and shall include a complete listing of all asserted patents and claims. If a change to the asserted patents or claims requires leave of court (for example, if a party is moving for leave to assert additional claims), notification shall not be required until the Court grants leave, at which point the notification must be filed within seven (7) days. |
| 08/03/2027 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and email the Court Reporter.<br><br>Deadline to file replies to motions *in limine*. |
| 08/10/2027 | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 3 business days before Final Pretrial Conference | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |

5.  The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

6.      This case is set for jury trial commencing at 9:00 a.m. on September 20, 2027.

Jury selection may be conducted by a Magistrate Judge and may occur the Friday before the case is set for trial. Because criminal and civil cases are often set for the same trial week, the Court may need to reschedule your trial shortly before the trial date. If the parties resolve their dispute after 5:00 p.m. the day before jury selection or resolve their dispute earlier but fail to timely notify the Court, the parties may be assessed up to $5,000 for the lost opportunity to schedule other matters and to cover court costs like summoning the jury panel and paying the fees of the jury panel.

The parties may modify the deadlines in this order by agreement, with the exception of the dispositive motions deadline, hearing dates, and trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this order. For cases brought pursuant to the Freedom of Information Act (FOIA), the parties may instead follow the standard disclosure process and will have an initial pretrial conference only by request.

SIGNED on January 7, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE