IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL PHILIP KAUFMAN, § § § Plaintiff, § § v. § ZOHO CORPORATION, § § Defendant. § | Case No. 1:25-cv-01082-RP |

**UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT
TO SUBSTITUTE PARTIES AND CORRECT CASE CAPTION**

Pursuant to Federal Rule of Civil Procedure 15, Plaintiff Michael Philip Kaufman ("Kaufman" or "Plaintiff") files this Unopposed Motion for Leave to Amend the Complaint to Substitute Parties and Correct the Case Caption ("Motion"). Defendant Zoho Corporation ("Defendant") does not oppose this Motion.

Justice requires that Kaufman be given leave to amend his Complaint because (1) counsel for Defendant has informed counsel for Kaufman that Zoho Technologies Corporation, not Defendant Zoho Corporation, is the correct defendant; (2) the liberal policy of allowing parties to amend their pleadings allows Kaufman to amend his Complaint; and (3) Defendant does not oppose this Motion.

Kaufman has attached his proposed Amended Complaint to the Motion as **Exhibit A**. A redline comparing the proposed Amended Complaint and the Complaint is attached to the Motion as **Exhibit B**.

## I. BACKGROUND

On July 11, 2025, Kaufman filed a Complaint alleging Zoho Corporation infringed certain claims of U.S. Patent No. 7,885,981, 10,025,801, and 10,977,220 (collectively, the "Asserted Patents"). (Dkt. No. 1, "Complaint.") In the Complaint, Kaufman stated that the last of the Asserted Patents expired on February 5, 2022. (Complaint ¶ 8.) On September 5, 2025, Zoho Corporation filed a Motion to Dismiss. (Dkt. No. 8.) In the Motion to Dismiss, Defendant did not identify any issues regarding the propriety of Zoho Corporation being named as the defendant in this action.

On February 12, 2026, counsel for Defendant informed counsel for Kaufman that Zoho Corporation is not the correct defendant in this case, as Zoho Corporation was not formed until 2024, after the expiration of the Asserted Patents. Rather, the correct defendant is Zoho Technologies Corporation, who was the U.S. distributor for all Zoho products until 2024, and was formerly known as Zoho Corporation. Counsel for Defendant confirmed that it would not oppose this Motion as the parties agree that Zoho Technologies Corporation is the correct defendant. Counsel for Defendant further confirmed that, if the Court grants Kaufman leave to file the Amended Complaint, that the Amended Complaint would relate back to the filing of the original Complaint and that Zoho Technologies Corporation would refile its Motion to Dismiss under the new defendant's name.

## II. ARGUMENT

Pursuant to Federal Rule of Civil Procedure 15, "[t]he court should freely give leave" to file an amended pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15 evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (internal quotations and citation omitted). In deciding whether to grant leave to file an amended complaint, the district court may consider factors such as (1) undue delay; (2) bad faith

or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by allowing the amendment; and (5) futility of amendment. *See Jack v. Evonik Corp.*, 79 F.4th 547, 564–65 (5th Cir. 2023).

Here, justice mandates that the Court grant leave for Kaufman to file its Amended Complaint. After conferring with Defendant, Kaufman determined that amending the Complaint is necessary to accurately identify the party accused of infringing the Asserted Patents.

None of the justifications for denying leave to amend apply here. There has been no undue delay or dilatory motive. Kaufman makes this Motion in good faith to ensure that he has accused the proper party of infringement of the Asserted Patents. Further, this is Kaufman's first motion for leave to amend his Complaint. Additionally, the lack of prejudice is best demonstrated by the fact that Defendant does not oppose this Motion, and amendment would not be futile.

Accordingly, Kaufman respectfully seeks an order:

(1) granting this Motion;

(2) substituting Zoho Technologies Corporation as the defendant in this litigation and correcting the case caption to reflect the same;

(3) deeming as filed the proposed Amended Complaint attached hereto as Exhibit A; and

(4) granting Zoho Technologies Corporation fourteen (14) days to refile its Motion to Dismiss under Zoho Technologies Corporation's name.

Dated: February 25, 2026

By: */s/ Ronald Abramson*
Ronald Abramson (NY 1457126) (*pro hac vice*)
ron.abramson@listonabramson.com
David G. Liston (NY 2642049) (*pro hac vice*)
david.liston@listonabramson.com
Ari J. Jaffess (NY 4621397) (*pro hac vice*)
ari.jaffess@listonabramson.com
Alex G. Patchen (NY 4246021) (*pro hac vice*)
alex.patchen@listonabramson.com
M. Michael Lewis (NY 4467007) (*pro hac vice*)
michael.lewis@listonabramson.com
Gina K. Kim (Texas Bar No. 24097937)
gina.kim@listonabramson.com
**Liston Abramson LLP**
The Chrysler Building
405 Lexington Avenue, 46th Floor
New York, NY 10174
212-257-1630

Wasif H. Qureshi (Texas Bar No. 24048155)
wqureshi@jw.com
**Jackson Walker LLP**
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4521

**COUNSEL FOR PLAINTIFF MICHAEL PHILIP KAUFMAN**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF notification system on February 25, 2026.

By: */s/ Ronald Abramson*
Ronald Abramson