# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MICHAEL PHILIP KAUFMAN,

Plaintiff,

v. 16 Cv. 2880 (AKH)

MICROSOFT CORPORATION,

Defendant.

------------------------------x

New York, N.Y.
January 16, 2020
11:00 a.m.

Before:

HON. ALVIN K. HELLERSTEIN,

District Judge

APPEARANCES

LISTON ABRAMSON LLP
Attorneys for Plaintiff
BY: RONALD ABRAMSON
ARI J. JAFFESS
ALEX G. PATCHEN

FISH & RICHARDSON P.C.
Attorneys for Defendant
BY: AHMED J. DAVIS
JASON W. WOLFF
LEAH A. EDELMAN
EXCYLYN HARDIN-SMITH

on this issue. It's not clear in my mind. I struggled with this and with the language. In the *Markman* hearing, I expressed reluctance to interpret matters in a way that would aid one party and not the other. I was struggling to find a neutral definition of terms, not to add terms, not to subtract terms, but to give interpretive value to the entire expression, in the context of the invention.

I can't tell you who is right, whether there is contemplated a human selection that itself will then cause an automatic generation of some other function or some other result or whether everything has to be automatic.

MR. WOLFF: Can we resolve the claim construction issue?

THE COURT: Which one?

MR. WOLFF: Automatic.

THE COURT: You agreed on a definition.

MR. ABRAMSON: I think we have resolved it.

THE COURT: No separate developer impact occurs.

MR. WOLFF: Input.

THE COURT: No separate developer input is required.

MR. WOLFF: All right. Let me address the second issue since I know where your Honor is headed on that.

The second issue relates to limitation C in the patent, limitation C in each of the claims. And if you will refer to the claim, paragraph 377 of the patent, line 31.